# EXHIBIT A

EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2022CV000300**
MAR 11, 2022 04:04 PM

Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| KENNETH PAXTON, as Next Friend of Alex Reed Paxton, deceased; and KATHRYN HARTLEY, as Next Friend of Alex Reed Paxton, deceased, and as Administrator of the Estate of Alex Reed Paxton,<br><br>*Plaintiffs,*<br><br>v.<br><br>GEORGIA POWER COMPANY,<br><br>*Defendant.* | Civil Action No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs in the above-styled action respectfully file this Complaint and demand for jury trial, showing the Court the following:

### PARTIES, JURISDICTION, AND VENUE

1.

On or about October 27, 2020, Alex Reed Paxton ("Alex Paxton") died while working as a commercial diver on Lake Oliver Dam in Columbus, Georgia. At the time of his death, Alex Paxton was not married and did not have any children. Alex Paxton is survived by his parents, Kenneth Paxton and Kathryn Hartley.

2.

Plaintiff Kenneth Paxton ("Mr. Paxton") resides in the state of Ohio and subjects himself to the jurisdiction of this Court.

Page 1 of 10

3.

Plaintiff Kathryn Hartley ("Ms. Hartley") resides in the state of North Carolina and subjects herself to the jurisdiction of this Court.

4.

Ms. Hartley and Mr. Paxton bring this case as the wrongful death beneficiaries pursuant to O.C.G.A. § 51-4-4.

5.

Ms. Hartley also brings this case as the Administrator of the Estate of Alex Reed Paxton, pursuant to her appointment as said Administrator by the Superior Court of Cabarrus County, North Carolina on January 11, 2021.

6.

Defendant Georgia Power Company ("Georgia Power") is a domestic for-profit corporation with its principal place of business at 241 Ralph McGill Blvd., Bin 10180, Atlanta, Georgia, 30308. Georgia Power may be served with process through its registered agent, Kristi Dow, at 241 Ralph McGill Blvd., Bin 10180, Atlanta, Fulton County, Georgia 30308.

7.

Jurisdiction is proper because Georgia Power is a resident of Georgia.

8.

Venue is proper because this tort action originated in Muscogee County, and Georgia Power has an office and transacts business in Muscogee County. *See* O.C.G.A. § 14-2-510(b)(3).

9.

Venue is proper because this personal injury action arose in Muscogee County and Georgia Power has an agent in Muscogee County. *See* O.C.G.A. § 46-1-2(c).

## FACTS

10.

While working as a commercial diver for his employer on October 27, 2020, Alex Paxton descended into the water of Lake Oliver.

11.

Alex Paxton was an employee of Glenn Industrial Group, LLC, which had contracted with Georgia Power to perform work on Georgia Power's Lake Oliver dam.

12.

As Alex Paxton descended underwater, he encountered a hole in the dam's face that led into a penstock pipe. Alex Paxton's left arm was violently sucked into the hole and pipe up to his shoulder, like a vacuum. Due to the extremely high pressure of the water in the penstock pipe, Alex was unable to free himself and unable to breathe.

13.

Several Georgia Power employees were called to the scene. One of the dam operators closed a valve, which finally released Alex from the penstock pipe.

14.

The valve, which controlled the flow of water through the penstock pipe, should not have been open.

15.

Alex Paxton died from his injuries. Specifically, his cause of death was determined to be mechanical asphyxia due to compression of his left upper extremity.

16.

Alex Paxton exercised ordinary care and diligence for his own safety at all times relevant to this Complaint and under the circumstances then existing.

17.

Georgia Power owned the Lake Oliver Dam.

18.

Georgia Power operated the Lake Oliver Dam.

19.

Georgia Power occupied the Lake Oliver Dam.

20.

Georgia Power exclusively controlled the Lake Oliver Dam, including the valve that regulated the flow of water through the penstock pipe.

21.

If Georgia Power had not wrongfully, recklessly, and negligently failed to close the valve that controlled the flow of water through the penstock pipe before Alex Paxton entered the water, Alex Paxton would not have been killed.

## **LIABILITY**

22.

Georgia Power owed its contractor's employees, including Alex Paxton, a duty of not imperiling their lives by its own affirmative acts of negligence.

23.

Georgia Power employees failed to follow the proper practice and procedures to "lockout" or "tagout" the dam equipment, thereby allowing the equipment to be accidentally operated while workers would be endangered by the operation of that equipment.

24.

Georgia Power was under a duty to inform its contractor and the contractor's employees, including Alex Paxton, of the changes Georgia Power employees made to the status of the dam between May 2020 (when the contractor, Glenn Industrial Services, LLC, notified Georgia Power that water flow was present) and October 27, 2020. Specifically, Georgia Power was under a duty to inform Glenn Industrial Services, LLC ("Glenn") that there had been several changes to the "lockout" or "tagout" status of equipment that affected the areas where Glenn's employees would be working, including the removal of certain locks that were intended to prevent the equipment from being operated while workers would be endangered by the operation of that equipment.

25.

Georgia Power failed to so inform Glenn or Glenn's employees of the changes in the lockout/tagout status of the dam equipment.

26.

Georgia Power's failure to so inform Glenn or Glenn's employees was the proximate cause of Alex Paxton's death.

27.

Georgia Power failed to exercise that care and caution required of a reasonably prudent electric company and dam operator under the same or similar circumstances

28.

On October 27, 2020, Alex Paxton was Georgia Power's invitee and was lawfully on the premises of Lake Oliver Dam.

29.

Georgia Power did not relinquish possession of the premises of Lake Oliver Dam. Rather, Georgia Power maintained exclusive control over the premises, including control over the penstock pipe valve and all mechanisms that regulated the flow of water through the penstock pipe. Further, Georgia Power had the right to direct, and did in fact direct, the work that was to be done.

30.

Georgia Power and its employees knew or should have known that Alex Paxton was working underwater on the dam's face, such that his life would be endangered by the improper operation of the dam's equipment.

31.

Georgia Power knew or should have known that its equipment was not properly isolated, "locked out," or "tagged out," and thereby posed a danger to Glenn's employees whom Georgia Power knew or should have known would be endangered by the operation of that equipment.

32.

Alex Paxton did not have actual or constructive notice of the potential danger associated with Georgia Power's failure to follow proper procedures to isolate, lockout, or tagout its equipment.

33.

Alex Paxton could not have discovered, through the exercise of ordinary care, that Georgia Power had endangered his life by failing to properly isolate, lockout, or tagout its equipment.

34.

Georgia Power owed a non-delegable duty to inspect its equipment for adherence to proper lockout/tagout procedures, and to maintain its equipment in a de-energized condition that would not endanger the lives of its contracted workers by the operation of the equipment.

35.

Georgia Power owed a non-delegable duty to use ordinary care to furnish protection against the danger of inadvertent operation of its equipment while its contracted workers would be endangered by its operation.

36.

Georgia Power failed to warn Alex Paxton or his employer that its equipment had not been properly de-energized, isolated, locked out, or tagged out.

37.

Georgia Power failed to exercise ordinary care to furnish protection against the danger of inadvertent operation of its equipment while its contracted workers would be endangered by its operation.

38.

Georgia Power failed to inspect its equipment for adherence to proper lockout/tagout procedures.

39.

Georgia Power failed to maintain its equipment in a de-energized condition that would not endanger the lives of its contracted workers by the operation of the equipment.

40.

Georgia Power breached its legal duty to keep the premises in a state consistent with the due regard for the safety of its invitees, including Alex Paxton, by failing to exercise ordinary care to keep its premises safe and failing to act as would similarly situated dam operators in like circumstances.

41.

Georgia Power's employee(s) were negligent in allowing water to flow through the penstock pipe while Alex Paxton was working on the dam underwater.

42.

Georgia Power is vicariously liable for the negligence of its employee(s) or agent(s).

43.

Georgia Power is liable for expenses and attorney's fees pursuant to O.C.G.A. § 13-6-11 because Georgia Power has acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense.

44.

Georgia Power is liable for punitive damages because Georgia Power and its employees' actions showed an entire want of care, which would raise the presumption of conscious indifference to consequences. *See* O.C.G.A. § 51-12-5.1(b).

## CAUSATION

45.

But for Georgia Power's misconduct, Plaintiff would not have died.

46.

Georgia Power's misconduct proximately caused Alex Paxton's wrongful death.

47.

As a direct and proximate result of Georgia Power's negligence, Alex Paxton suffered conscious pain and suffering, both physical and mental.

48.

As a direct and proximate result of Georgia Power's negligence, Alex Paxton lost his life.

## DAMAGES

49.

Plaintiffs Kenneth Paxton and Kathryn Hartley, as the natural parents of Alex Reed Paxton, are entitled to recover the full value of the life of their son and all other damages permissible under Georgia law. O.C.G.A. § 51-4-4; O.C.G.A. § 19-7-1(c)(1). Mr. Paxton and Ms. Hartley seek damages in an amount to be determined by the enlightened conscience of a fair and impartial jury.

50.

Plaintiff Kathryn Hartley, as Administrator of the Estate of Alex Reed Paxton, is entitled to recover on behalf of the estate for the injuries and conscious pain and suffering that Alex Paxton sustained prior to his death. Ms. Hartley seeks damages in an amount to be determined by the enlightened conscience of a fair and impartial jury.

## CONCLUSION

51.

Plaintiffs respectfully request:

a) that process issue as provided by law;

b) that Plaintiffs have trial by jury against Defendant Georgia Power Company;

c) that judgment be entered in favor of Plaintiffs and against Defendant;

d) that Plaintiffs be awarded damages in amounts to be shown at trial; and

e) such other relief as this Court deems just.

Respectfully submitted this 11th day of March 2022.

BUTLER LAW FIRM

BY: ___/s/Thomas Giannotti___
JAMES E. BUTLER, III
Georgia Bar No. 116955
THOMAS A. GIANNOTTI
Georgia Bar No. 977245

10 Lenox Pointe
Atlanta, Georgia 30324
jeb@butlerfirm.com
tom@butlerfirm.com
(t) 678 940 1444
(f) 678 306 4646            **ATTORNEYS FOR PLAINTIFFS**