IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| KENNETH PAXTON, as Next Friend of Alex Reed Paxton, deceased; and KATHRYN HARTLEY, as Next Friend of Alex Reed Paxton, deceased, and as Administrator of the Estate of Alex Reed Paxton, <br><br> *Plaintiffs*, <br><br> v. <br><br> GEORGIA POWER COMPANY, <br><br> *Defendant and Third-Party Plaintiff*, <br><br> v. <br><br> GLENN INDUSTRIAL GROUP, LLC, <br><br> *Third-Party Defendant*. | Civil Action No.: 4:22-CV-00081-TES |

**PROPOSED AMENDED SCHEDULING AND
DISCOVERY ORDER**

The parties held a Rule 26(f) conference on <u>July 13, 2022,</u> and a conference pursuant to Rule 16, Rule 26, and the Court's Order on <u>October 12, 2022</u>. In accordance with the Court's Rules 16 and 26 Order dated <u>October 4, 2022</u>, the parties to this action conferred and jointly developed this Proposed Scheduling and Discovery Order (the "Proposed Order") containing deadlines and limitations as follows:

I.               **Nature of the Case:**

*Please include a brief description of the nature of the case and the legal issues to be tried. This summary should not be argumentative nor recite the evidence, but should call the Court's attention to any unique or complex issues or circumstances surrounding the case.*

This wrongful death case arises from the death of Alex Paxton, who died on October 27, 2020 while working as a commercial diver at Oliver Dam in Columbus, Georgia. Plaintiffs contend that Paxton's death was caused by Defendant Georgia Power's failure to take reasonable safety precautions relating to the closure of a penstock pipe. Plaintiffs contend that Georgia law sets the applicable standard of care.

Georgia Power denies Plaintiffs' allegations and denies that it is liable. Georgia Power contends admiralty law applies to this suit. Georgia Power has asserted a third-party indemnity claim against Glenn Industrial Group, LLC, Alex Paxton's employer.

Glenn Industrial Group, LLC denies the allegations in Georgia Power's Third-Party Complaint.

**II.**                                     **Counsel of Record:**

The following individually named attorneys are designated lead counsel for the parties:

*Please include all relevant contact information for each lead counsel or pro se litigant, including mailing address, phone number, facsimile number, and email address.*

*Counsel for Plaintiffs:*
James E. Butler, III
Thomas Giannotti
Butler | Kahn
10 Lenox Pointe
Atlanta, GA 30324
Tel. 678-940-1444
Fax 678-306-4646
jeb@butlerfirm.com
tom@butlerfirm.com

*Counsel for Defendant and Third-Party Plaintiff Georgia Power Company:*
T. Joshua R. Archer
Tashwanda Pinchback-Dixon
Andrea L. Swartzberg
Balch & Bingham LLP
30 Ivan Allen Jr. Boulevard, N.W., Suite 700
Atlanta, GA 30308
Tel. 404-261-6020
Fax 404-261-3656
jarcher@balch.com
tpinchback@balch.com
aswartzberg@balch.com

*Counsel for Third-Party Defendant Glenn Industrial Group, LLC:*
T. Langston Bass, Jr.
Brennan Harris & Rominger LLP
P.O. Box 2784
Savannah, GA 31402
Tel. 912-233-3399
Fax 912-236-4558
tlb@bhrlegal.com

**III.**     **Complaint and Answer filing dates:**

Complaint was filed:     March 11, 2022

Answer was filed:     April 29, 2022

**IV.     Discovery Deadlines:**

    **A.     Time for Discovery**

The time for discovery in this case shall expire July 17, 2023.

If a party believes that more time for discovery is needed, an appropriate motion, accompanied by a proposed order for the Court, may be filed setting forth good cause for an extension.

    **B.     Scope of Discovery**

*Please state the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues. See Fed. R. Civ. P. 26(b)(1), (f)(3)(B).*

Discovery may be needed regarding the facts and circumstances surrounding the subject incident, Plaintiffs' claims, Defendant's defenses and third-party claim, Plaintiff's injuries and damages, Third-Party Defendant's defenses, and other issues that may arise as discovery proceeds. The parties do not believe that discovery should be conducted in phases or limited to particular issues.

    **C.     Electronically Stored Information**

*Please discuss any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced. See Fed. R. Civ. P. 16(b)(3)(B)(iii), 26(f)(3)(C).*

At the time of the incident, Georgia Power used a software called "TK Pro" in connection its lock-out, tag-out ("LOTO") procedures. The parties agree that the software used is generally subject to discovery.

1. *Plaintiffs*: Plaintiffs ask that Georgia Power produce a copy of the TK Pro software program so that Plaintiffs' counsel and experts can learn how the software works. Plaintiffs respectfully point out that the fact that

      something is "commercially available" does not make it nondiscoverable, and that the TK Pro is generally intended for commercial licenses and is not intended for license to entities like the undersigned's law firm.[1] Plaintiffs had asked whether Georgia Power still possesses a copy of the software but Georgia Power has not answered.[2]

2. <u>Georgia Power</u>:  Georgia Power is aware that Plaintiffs request "a copy" of the TKPro software. TKPro is a third-party software that is commercially available. Georgia Power no longer uses TKPro in connection with its LOTO procedures; therefore, Georgia Power is not a current licensee of the TKPro software in use at the time of the incident. Further, Georgia Power does not believe the Federal Rules of Civil Procedure require Georgia Power to produce third-party commercially available software.

D. **Privilege Claims**

*Please discuss any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502. See Fed. R. Civ. P. 16(b)(3)(B)(iv), 26(f)(3)(D).*

1. <u>Plaintiffs:</u>

The parties possess the expected privileged materials (such as the lawyers' notes and communications with clients) but do not anticipate any unusual issues relating to the discovery of allegedly privileged material.

2. <u>Georgia Power & Glenn Industrial:</u>

The parties know of no privileged material other than the standard investigative file material prepared in anticipation of litigation containing notes of telephone conversations and general investigative material.  The parties agree that they will not try to discover items from the other party's attorney, investigator or adjuster's files unless circumstances warrant such a discovery attempt or circumstances change beyond those currently known to the parties.

The parties do not seek any order regarding any agreements pertaining to inadvertent disclosure of privileged or trial-preparation materials at this time.

---

[1] *See* TK Pro licensing webpage, https://tkprosoftware.com/licensing/.

[2] *See* Software Correspondence (available at https://www.dropbox.com/s/v2vq8b5y68z4gyv/2022-10-26%20Software%20Correspondence.pdf?dl=0) (link updated as of 10/28/22 at 11:07am).

### E. Witnesses to be Deposed

*Please include the name and address of every witness to be deposed.*

The parties respectfully note that it is not currently possible to identify every witness whom they will later seek to depose because the identities of some deponents will become known only as the discovery process reveals the names and/or roles of those witnesses. The parties also note (and hope) that some of the depositions mentioned below may prove unnecessary and may not be taken for that reason.

1. for Plaintiffs:
- Wayne Hardie (Hydro Manager at Georgia Power Company), 241 Ralph McGill Blvd. Atlanta, GA 30308
- Todd Barber (Dam Safety and Surveillance Supervisor and Chief Dam Safety Engineer at Southern Company Services, Inc.), 241 Ralph McGill Blvd. Atlanta, GA 30308
- Jeff Bradley (Plant Superintendent, Oliver Dam), 241 Ralph McGill Blvd. Atlanta, GA 30308
- John Callahan (Project Manager, Glenn Industrial Group, LLC), 5325 Marshall Air Drive, Charlotte, NC 28217
- Joshua Cable (Safety Manager, Glenn Industrial Group, LLC), 5325 Marshall Air Drive, Charlotte, NC 28217
- Rolando Garcia (Commercial Diver, Glenn Industrial Group, LLC), 5325 Marshall Air Drive, Charlotte, NC 28217
- Such other witnesses that are presently unknown to Plaintiffs, but whose identities may be ascertained during the course of discovery
- Any experts designated by any of the parties during the course of discovery.

2. for Georgia Power:
- Kenneth Paxton (Plaintiff)
- Kathryn Hartley (Plaintiff)
- Richard Glenn (President and CEO, Glenn Industrial Group, LLC)
    - 5325 Marshall Air Drive, Charlotte, North Carolina 28217
- Ryan Glenn (Vice President, Glenn Industrial Group, LLC)
    - 5325 Marshall Air Drive, Charlotte, North Carolina 28217
- Eric Herbert (Diving Supervisor, Glenn Industrial Group, LLC)
    - 5325 Marshall Air Drive, Charlotte, North Carolina 28217
- Jacob Kehl (Commercial Diver, Glenn Industrial Group, LLC)
    - 5325 Marshall Air Drive, Charlotte, North Carolina 28217
- Ronaldo Garcia (Commercial Diver, Glenn Industrial Group, LLC)
    - 5325 Marshall Air Drive, Charlotte, North Carolina 28217
- John Callahan (Diving Supervisor, Glenn Industrial Group, LLC)

- - 5325 Marshall Air Drive, Charlotte, North Carolina 28217
- Cody DeWitt (Diving Supervisor, Glenn Industrial Group, LLC)
  - 5325 Marshall Air Drive, Charlotte, North Carolina 28217
- Riley Crysler (Commercial Diver, Glenn Industrial Group, LLC)
  - 5325 Marshall Air Drive, Charlotte, North Carolina 28217
- Kevin Crouch (Commercial Diver, Glenn Industrial Group, LLC)
  - 5325 Marshall Air Drive, Charlotte, North Carolina 28217
- J. Moore (Commercial Diver, Glenn Industrial Group, LLC)
  - 5325 Marshall Air Drive, Charlotte, North Carolina 28217
- J. Gaser (Commercial Diver, Glenn Industrial Group, LLC)
  - 5325 Marshall Air Drive, Charlotte, North Carolina 28217
- P. Wogan (Commercial Diver, Glenn Industrial Group, LLC)
  - 5325 Marshall Air Drive, Charlotte, North Carolina 28217
- Joshua Cable (Safety Manager, Glenn Industrial Group, LLC)
  - 5325 Marshall Air Drive, Charlotte, NC 28217
- Any experts designated by the parties during the course of discovery.

3. <u>for Glenn Industrial Group:</u>
- Joey McFadden (Georgia Power employee), 241 Ralph McGill Blvd. Atlanta, GA 30308
- Jason Rigsby (Georgia Power employee), 241 Ralph McGill Blvd. Atlanta, GA 30308
- Any other Georgia Power employee present at the dam on the date of loss, 241 Ralph McGill Blvd. Atlanta, GA 30308
- Any other Georgia Power employee responsible for LOTO procedures, 241 Ralph McGill Blvd. Atlanta, GA 30308
- Any other Georgia Power employee responsible for contractual procedures with Glenn Industrial, 241 Ralph McGill Blvd. Atlanta, GA 30308
- Any responding emergency personnel, Columbus, GA
- Any person who investigated this accident
- Terry Woodward and any other OSHA personnel involved in the investigation of this accident, 2296 Henderson Mill Road, NE, Suite 200, Atlanta, GA 30345
- Any witness listed by any other party to this case
- Any other witness that is presently unknown to the parties, but whose identity may be ascertained during the course of discovery
- Any experts designated by any of the parties during the course of discovery

    **F.**    **Expert Witnesses**

  **1.**    **Designation of Experts**

The Plaintiff must disclose the identity of any expert witness on or before <u>April 17, 2023</u>.

The Defendant and Third Party Defendant must disclose the identity of any expert witness on or before <u>May 17, 2023</u>.

  **2.**    **Expert Reports**

Expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B). Any supplemental expert reports must be served on or before <u>June 26, 2023</u>. No additional supplemental reports may be disclosed or provided after this date without leave of Court.

    **G.**    **Discovery Limitations or Need for Protective Order**

The parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded.

*Please include here any other relevant matters, including any matters referenced in Rule 26(f).*

    a. *Plaintiffs*:  Plaintiffs do not perceive the need for a protective order but have nonetheless offered a meaningful compromise by offering to enter into a non-sharing protective order with a clawback provision. Plaintiffs offered to do that on July 25, 2022, and have followed up with Georgia Power several times since,[3] but Georgia Power has not responded substantively or attempted to compromise. Plaintiffs do not want to see this 'issue' used as an excuse to delay the production of evidence and for that reason have offered to keep any evidence that Georgia Power produces confidential until the Court rules on this issue.

    b. *Georgia Power*:   Georgia Power has confidential and highly

---

[3] *See* Protective Order Correspondence (available at https://www.dropbox.com/s/b8kyi2jybp5qax2/2022-10-20%20PO%20Correspondence.pdf?dl=0) (link updated as of 10/20/22 at 10:24am).

        confidential documents that it believes will be subject to discovery in this matter. As a result, Georgia Power believes a Protective Order is necessary. Georgia Power sent Plaintiffs a proposed Protective Order that has been accepted and entered by several state and federal courts. Plaintiffs do not agree with any of Georgia Power's proposed Protective Order and sent Georgia Power a different proposed Protective Order. Georgia Power does not believe Plaintiffs' proposed Protective Order is sufficient. Thus, the Parties are currently at an impasse as it relates to the Protective Order issue. As a result, on October 20, 2022, Georgia Power contacted Cheryl Collins and left her a message notifying her of this issue, as required by Section H, below.

    c. *All parties:* The parties have consented to fifteen (15) additional Requests for Production and fifteen (15) additional Requests for Admission beyond those allowed by Local Rules 34 and 36. In other words, the parties have consented to each party being allotted a total of twenty-five (25) Requests for Production and thirty (30) Requests for Admission.

### H. Discovery Disputes

Before moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the movant must contact Cheryl Collins, Courtroom Deputy (478.752.2603) to request a telephone conference with the Court.

## V. Time for Filing Motions:

### A. Motions to Amend the Pleadings or to Join Parties

All motions seeking to amend the pleadings or to join parties must be filed no later than January 2, 2023, that being no more than 60 days after the entry of this Scheduling and Discovery Order.

### B. Dispositive Motions

All dispositive motions must be filed no later than August 15, 2023, that being no more than 30 days after the expiration of discovery in this case.

C. *Daubert* **Motions**

All *Daubert* motions must be filed no later than August 15, 2023, that being no more than 30 days after the expiration of discovery in this case.

VI. **Certification of the Parties and Counsel:**

The Parties, by the signature of counsel below, certify they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a).

Counsel further certify they have read the Court's Rules 16 and 26 Order. All counsel of record shall digitally sign below.

This 16th day of February, 2023.

/s/James E. Butler, III
/s/Thomas Giannotti
_____
Counsel for Plaintiffs

/s/T. Joshua R. Archer (with express permission)
/s/Tashwanda Pinchback-Dixon (with express permission)
/s/Andrea L. Swartzberg (with express permission)
_____
Counsel for Defendant Georgia Power

/s/T. Langston Bass, Jr. (with express permission)
_____
Counsel for Third-Party Defendant Glenn Industrial Group

The Court, having reviewed the information contained in the Proposed Scheduling and Discovery Order completed and filed jointly by the parties to this action, hereby **GRANTS** the parties' Consent Motion to Amend [Doc. 39] Scheduling and Discovery Order [Doc. 25] and **ADOPTS** the parties' plan and **MAKES IT THE ORDER OF THE COURT**.

**SO ORDERED,** this 17th day of February, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**